# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3590-21

STATE OF NEW JERSEY IN
THE INTEREST OF M.E.M.

_____

Submitted on March 20, 2024 – Decided April 1, 2024

Before Judges Currier and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FJ-18-0260-21.

Maynard Law Office, LLC, attorneys for appellant (Kaitlin M. Kent, on the briefs).

John P. McDonald, Somerset County Prosecutor, attorney for respondent (Catlin A. Davis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

As a juvenile, M.E.M. pleaded guilty to sexual assault and endangering the welfare of a child. The Family Part's March 2, 2022 order of disposition imposed a surcharge and monetary penalties totaling $3,450, in addition to sentencing M.E.M. to three years of probation, prohibiting contact with the

victim and requiring certain conditions complying with Megan's Law, N.J.S.A. 2C:7-1 to -23. After M.E.M. moved to vacate the surcharge and penalties, asserting they were impermissible against a juvenile, the Family Part denied the motion, finding they were appropriately imposed. After a careful review of the record and the applicable law, we affirm the March 2, 2022 order as to the imposition of the remaining aggregate $3,350 penalty. We remand this matter to the Family Part to modify the order of disposition to remove the $100 surcharge the State has conceded was improperly applied.

I.

We set forth the salient facts material to our disposition of the statutorily imposed penalties. When M.E.M. was between fifteen and seventeen years old, she[1] committed multiple sexual assaults against a child victim who was between three and five years old. On March 22, 2021, a juvenile delinquency complaint charged M.E.M. with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); second-degree sexual assault, N.J.S.A. 2C:14-2(b); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1).

On January 25, 2022, M.E.M. pleaded guilty to second-degree sexual assault and third-degree endangering the welfare of a child. As part of the plea

---

[1] We use the personal pronouns set forth in M.E.M.'s merits brief.

agreement, the State recommended three years of probation in addition to continued participation in psychosexual treatment and Megan's Law registration requirements. The State agreed to dismiss the first-degree aggravated sexual assault charge and close any remaining open investigations as to M.E.M.

On March 2, 2022, the Family Part entered an order of disposition imposing three years of probation, prohibiting contact with the victim; requiring compliance with Megan's Law, including registration; and compelling M.E.M. to submit to continued psychosexual treatment, DNA collection and fingerprinting. The order also imposed the following surcharge and monetary penalties against M.E.M. totaling $3,450: a $100 sexual assault surcharge (the surcharge), N.J.S.A. 2C:43-3.7; a $1,600 Sexual Assault Nurse Examiner (SANE) penalty, N.J.S.A. 2C:43-3.6; a $1,000 Sex Crime Victim Treatment Fund (SCVTF) penalty, N.J.S.A. 2C:14-10(a)(2) (second-degree sexual assault penalty); and a $750 SCVTF penalty, N.J.S.A. 2C:14-10(a)(3) (third-degree endangering the welfare of a child penalty).

On March 9, 2022, M.E.M. sent a letter to the Family Part asking that the order of disposition be modified to remove the surcharge and all penalties. On March 16, 2022, M.E.M. received an email from a Somerset County probation officer, stating "those fines are accurate and do apply to juvenile adjudications

where Megan's Law attaches. . . . The March 2, 2022 disposition order will stand."

On April 14, 2022, M.E.M. filed a motion with the Family Part renewing the request, which was denied. In a statement of reasons accompanying the June 8, 2022 order, the Family Part set forth that its denial was consistent with the Legislative intent "for the fines and penalties associated with Megan's Law offenses to remain against juveniles."

M.E.M. appealed. On January 9, 2023, we heard oral argument on a sentencing calendar. After argument, we entered an order transferring the appeal to a plenary calendar to allow full briefing on the merits.

On appeal, M.E.M. contends it was improper for the Family Part to impose the surcharge, SANE penalty and SCVTF penalty because the respective statutes do not explicitly apply those monetary sanctions to juveniles. M.E.M. further asserts that it is contrary to public policy for juveniles to face monetary punishment because of the potentially disproportionate economic impact on the offenders and their families.

As the State has already conceded that the $100 surcharge was improperly levied against M.E.M., we need not consider that issue further. On remand, the

Family Part shall enter an amended order of disposition removing the $100 surcharge. We address the remainder of the issues raised on appeal in turn.

## II.

We review the trial court's legal conclusions de novo despite the deference usually afforded to the Family Part since this appeal turns on statutory interpretation, which is a question of law. State in the Int. of K.O., 217 N.J. 83, 91 (2014). We are instructed to apply the plain language of the statute where it is clear, with further interpretation warranted only where it is ambiguous. In re Expungement Application of D.J.B., 216 N.J. 433, 440 (2014).

"'To determine the Legislature's intent, [courts] look to the statute's language and give those terms their plain and ordinary meaning,' because 'the best indicator of that intent is the plain language chosen by the Legislature.'" State v. J.V., 242 N.J. 432, 442 (2020) (first quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005); and then quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)). "An appellate court will refer to extrinsic sources to determine legislative intent '[o]nly if the words of the enactment are shrouded in ambiguity.'" In re Civ. Commitment of W.W., 245 N.J. 438, 449 (2021) (alteration in original) (quoting Zabilowicz v. Kelsey, 200 N.J. 507, 513 (2009)).

A-3590-21

"Statutes must also '"be read in their entirety; each part or section should be construed in connection with every other part or section to provide a harmonious whole."'" D.J.B., 216 N.J. at 440 (quoting Burnett v. Cnty. of Bergen, 198 N.J. 408, 421 (2009) (quoting Bedford v. Riello, 195 N.J. 210, 224 (2008))). "'[A] change of language in a statute ordinarily implies a purposeful alteration in [the] substance of the law.'" DiProspero, 183 N.J. at 494 (second alteration in original) (quoting Nagy v. Ford Motor Co., 6 N.J. 341, 348 (1951)).

### III.

M.E.M.'s arguments on appeal are predicated on the principle that "[j]uvenile offenses are not crimes." State in the Int. of K.P., 167 N.J. Super. 290, 294 (App. Div. 1979) (citing State v. De Paola, 5 N.J. 1, 18 (1950)). A juvenile who pleads or is found guilty under a juvenile delinquency complaint is not convicted but, rather, is adjudicated delinquent. Ibid.; see State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (stating "a juvenile adjudication does not constitute conviction of a crime"); see also N.J.S.A. 2A:4A-23. Given the distinction between a conviction and an adjudication of delinquency, M.E.M. argues that any statutes imposing penalties for convictions do not apply to juveniles unless the statute also explicitly references adjudications of delinquency.

6

The SANE penalty is authorized under N.J.S.A. 2C:43-3.6(a), which reads, in part: "a person convicted of a sex offense, as defined in [N.J.S.A. 2C:7-2], shall be assessed a penalty of $800 for each such offense." The SCVTF penalty is authorized under N.J.S.A. 2C:14-10(a), which sets forth:

> [A] person convicted of a sex offense, as defined in [N.J.S.A. 2C:7-2], shall be assessed a penalty for each such offense not to exceed:
>
> . . . .
>
> (2) $1,000, when the conviction is a crime of the second degree;
>
> (3) $750, when the conviction is a crime of the third degree . . . .

Both the SANE and the SCVTF penalties were imposed based on the definition of sex offense set forth in N.J.S.A. 2C:7-2(b)(2), which, as relevant to M.E.M., includes "[a] conviction, adjudication of delinquency, or acquittal by reason of insanity for aggravated sexual assault; sexual assault . . . [or] endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child." Accordingly, under the statute, since M.E.M. is a juvenile who has been adjudicated delinquent for sexual assault under N.J.S.A. 2C:14-2(b) as a result of her guilty plea, she is deemed to have committed a sex offense.

7

However, the full phrase designating applicability in both penalty statutes is "convicted of a sex offense." M.E.M. argues that the use of the word "convicted" precludes application of the penalties to juveniles who have been adjudicated delinquent based on a plea. We start by recognizing that it is well-settled in our decisional law that "the registration requirements of Megan's Law . . . apply to all juveniles adjudicated delinquent for commission of a sex offense." In re Registrant J.G., 169 N.J. 304, 319 (2001). It would be incongruous to conclude that the SANE and SCVTF penalties imposed alongside the other sanctions under Megan's Law do not also apply to juveniles adjudicated delinquent for commission of a sex offense.

Furthermore, guilty pleas have the same legal import as a conviction under New Jersey law. See State in the Int. of T.M., 166 N.J. 319, 330 (2001) (noting "that a plea of guilty 'is itself a conviction; nothing remains but to give judgment and determine punishment'" (quoting Boykin v. Alabama, 395 U.S. 238, 242 (1969))). Accordingly, we conclude that since M.E.M. pleaded guilty to sex offenses, the SANE and SCVTF penalties were properly imposed.

M.E.M. also argues the Legislature's recent elimination of some statutory penalties demonstrates the penalties at issue in this matter are not intended to apply to juveniles. We view the continued viability of the SANE and SCVTF

8

penalties against juveniles under the recent statutory amendments relating to monetary assessments stemming from juvenile delinquency complaints. See L. 2021, c. 342 (Senate Bill 3319). The stated purpose of Senate Bill 3319 is to "eliminate[] certain statutory costs, fees, and penalties imposed on juveniles involved in the juvenile justice system." Assemb. Appropriations Comm. Statement to S. 3319, at 1 (Dec. 13, 2021).

The Committee Statement to Senate Bill 3319 lists certain "fees, fines, costs, and other monetary penalties" that are no longer applicable to juveniles. Megan's Law, SANE and SCVTF are not contained in the list of eliminated monetary fines, surcharges and penalties. See ibid. Pursuant to our canons of statutory interpretation, we are instructed not to "engraft language that the Legislature has not chosen to include in a statute." Lippman v. Ethicon, Inc., 222 N.J. 362, 381 (2015). We conclude the absence of references to other penalties in Senate Bill 3319, such as the ones levied on M.E.M., is not a mere oversight or statement of non-applicability but, instead, is evidence of legislative intent to continue the imposition of the remainder of the surcharges and penalties to juveniles.

This conclusion is bolstered by the statutory framework which provides a mechanism for assessing and collecting the SANE, SCVTF, and other penalties,

N.J.S.A. 2C:46-4, from juveniles, which was not repealed. N.J.S.A. 2C:46-4(a)(1) sets forth that the penalties levied against juveniles adjudicated delinquent "shall be collected by the Department of Corrections or the Juvenile Justice Commission." Courts are instructed to "strive for an interpretation that gives effect to all of the statutory provisions and does not render any language inoperative, superfluous, void[,] or insignificant." Sanchez v. Fitness Factory Edgewater, LLC, 242 N.J. 252, 261 (2020) (alteration in original) (quoting G.S. v. Dep't of Hum. Servs., 157 N.J. 161, 172 (1999)). Since the Legislature did not repeal the statutory method for collection of penalties from juveniles, we conclude that it was the intention of the Legislature to continue to impose the penalties against juveniles that were not otherwise abrogated by the statutory amendment.

IV.

We briefly consider M.E.M.'s argument that the Legislature must not intend for monetary penalties to apply to juveniles because it is against public policy. We are instructed not to "adopt an interpretation of the statutory language that . . . is distinctly at odds with the public-policy objectives of a statutory scheme." State v. Morrison, 227 N.J. 295, 308 (2016).

10

M.E.M. posits that the penalties levied against her do not align with the Legislature's stated public policy priorities in that "[f]ines are essentially punitive in nature, whereas the statutory policy with respect to juveniles is to correct and rehabilitate rather than punish." State in the Int. of D.G.W., 70 N.J. 488, 495 (1976) (citation omitted). However, "[a]lthough rehabilitation, historically, has been the primary focus of the juvenile justice system, a second purpose—increasingly so in recent times—is protection of the public." State in the Int. of C.K., 233 N.J. 44, 67 (2018). These twin aims are precisely why the Family Part is afforded wide latitude in imposing appropriate dispositions and penalties to promote accountability from juvenile offenders. See State in the Int. of D.A., 385 N.J. Super. 411, 414-416 (App. Div. 2006). We see no reason why the monetary penalties imposed on M.E.M. are not consistent with these goals.

To the extent we have not addressed M.E.M.'s remaining arguments, we are satisfied they lack sufficient merit to warrant further discussion in this written opinion. R. 2:11-3(e)(2).

Affirmed and remanded to the Family Part for the limited purpose of entering a modified order of final disposition removing the $100 surcharge. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3590-21